PHILLIP A. TALBERT
Acting United States Attorney
JUSTIN L. LEE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:19-CR-00192-MCE |
| Plaintiff, | PLEA AGREEMENT |
| v. | DATE: September 30, 2021<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |
| JORGE LAMAS, | |
| Defendant. | |

## I.      INTRODUCTION

### A.      Scope of Agreement

The Superseding Information in this case charges the defendant with conspiracy to manufacture marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

### B.      Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all

1  facts and circumstances concerning the criminal activities of defendant, including
2  activities that may not have been charged in the Superseding Information. The Court is
3  under no obligation to accept any recommendations made by the government, and the
4  Court may in its discretion impose any sentence it deems appropriate up to and including
5  the statutory maximum stated in this plea agreement.

6        If the Court should impose any sentence up to the maximum established by the
7  statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will
8  remain bound to fulfill all of the obligations under this plea agreement. The defendant
9  understands that neither the prosecutor, defense counsel, nor the Court can make a
10 binding prediction or promise regarding the sentence he will receive.

11              II.      **DEFENDANT'S OBLIGATIONS**

12      A.    **Guilty Plea**

13       The defendant will plead guilty to conspiracy to manufacture marijuana, in
14 violation of 21 U.S.C. §§ 846, 841(a)(1), the sole count of the Superseding Information.
15 The defendant agrees that he is in fact guilty of this charge and that the facts set forth in
16 the Factual Basis for Plea attached hereto as Exhibit A are accurate. The defendant
17 agrees that this plea agreement will be filed with the Court and become a part of the
18 record of the case.

19       The defendant agrees that the statements made by him in signing this Agreement,
20 including the factual admissions set forth in the factual basis, shall be admissible and
21 useable against the defendant by the United States in any subsequent criminal or civil
22 proceedings. The defendant waives any rights under Rule 11(f) of the Federal Rules of
23 Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that
24 these rules are inconsistent with this paragraph or with this Agreement generally.

25      B.    **Fine**

26       The parties will jointly recommend that the Court waive imposition of a fine
27 because the defendant does not have the apparent ability to pay a fine.
28 ///

PLEA AGREEMENT                        2                    UNITED STATES V. LAMAS

### C.    Special Assessment

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing.  If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

### D.    Defendant's Violation of Plea Agreement or Withdrawal of Plea

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein.  One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement.  The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement.  The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice.  The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the previous paragraph.  Any prosecutions that are not time-

1  barred by the applicable statute of limitations as of the date of this plea agreement may be

2  commenced in accordance with this paragraph, notwithstanding the expiration of the

3  statute of limitations between the signing of this plea agreement and the commencement

4  of any such prosecutions.  The defendant agrees not to raise any objections based on the

5  passage of time with respect to such counts including, but not limited to, any statutes of

6  limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of

7  the Sixth Amendment to any counts that were not time-barred as of the date of this plea

8  agreement.

9      In addition: (1) all statements made by the defendant to the government or other

10  designated law enforcement agents, or any testimony given by the defendant before a

11  grand jury or other tribunal, whether before or after this plea agreement, shall be

12  admissible in evidence in any criminal, civil, or administrative proceedings hereafter

13  brought against the defendant; and (2) the defendant shall assert no claim under the

14  United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal

15  Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that

16  statements made by the defendant before or after this plea agreement, or any leads

17  derived therefrom, should be suppressed.  By signing this plea agreement, the defendant

18  waives any and all rights in the foregoing respects.

19              **III.      THE GOVERNMENT'S OBLIGATIONS**

20      **A.   Dismissals**

21      The government agrees to move, at the time of sentencing, to dismiss without

22  prejudice the remaining counts in the pending Indictment.  The government also agrees

23  not to reinstate any dismissed count except if this agreement is voided as set forth herein,

24  or as provided in paragraphs II.D (Defendant's Violation of Plea Agreement), and VII.B

25  (Waiver of Appeal) herein.

26      **B.   Recommendations**

27          1.   Incarceration Range

28      The government will recommend that the defendant be sentenced to no more than

1    the low-end of the applicable guideline range for his offense, as determined by the Court.

2           2.    <u>Acceptance of Responsibility</u>

3        The government will recommend a two-level reduction (if the offense level is less

4    than 16) or a three-level reduction (if the offense level reaches 16) in the computation of

5    defendant's offense level if he clearly demonstrates acceptance of responsibility for his

6    conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and

7    assisting the probation officer in the preparation of the pre-sentence report, being truthful

8    and candid with the probation officer, and not otherwise engaging in conduct that

9    constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the

10    preparation of the pre-sentence report or during the sentencing proceeding.

11    **C.**    **Use of Information for Sentencing**

12        The government is free to provide full and accurate information to the Court and

13    the United States Probation Office ("Probation"), including answering any inquiries made

14    by the Court and/or Probation, and rebutting any inaccurate statements or arguments by

15    the defendant, his attorney, Probation, or the Court. The defendant also understands and

16    agrees that nothing in this Plea Agreement bars the government from defending on appeal

17    or collateral review any sentence that the Court may impose.

18          **IV.**    **ELEMENTS OF THE OFFENSE**

19        At a trial, the government would have to prove beyond a reasonable doubt the

20    following elements of the offense to which the defendant is pleading guilty:

21        As to the sole count in the Superseding Information, conspiracy to manufacture

22    marijuana, in violation of 21 U.S.C. §§ 846 and 841(a) [9th Cir. Crim. Jury Instr. 9.19]:

23         1.    First, between on or about July 1, 2019, and on October 25, 2019, there was

24             an agreement between two or more person to plant, grow, and trim

25             marijuana; and

26         2.    Second, the defendant joined in the agreement knowing of its purpose and

27             intending to help accomplish that purpose, specifically, to plants, grow, and

28             trim marijuana.

The defendant fully understands the nature and elements of the crime charged in the Superseding Information to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V.    MAXIMUM SENTENCE

### A.    Maximum Penalty

The maximum sentence that the Court can impose is twenty years of incarceration, a fine of $1,000,000, a term of supervised release of at least three years and up to life, and a special assessment of $100.

### B.    Violations of Supervised Release

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two years of additional imprisonment.

## VI.    SENTENCING DETERMINATION

### A.    Statutory Authority

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

///

1                        **VII.   WAIVERS**

2        **A.   Waiver of Constitutional Rights**

3           The defendant understands that by pleading guilty he is waiving the following

4 constitutional rights:  (a) to plead not guilty and to persist in that plea if already made; (b)

5 to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if

6 necessary; (d) to pursue any affirmative defenses, Fourth Amendment or Fifth

7 Amendment claims, constitutional challenges to the statutes of conviction, and other

8 pretrial motions that have been filed or could be filed; (e) to subpoena witnesses to testify

9 on his behalf; (f) to confront and cross-examine witnesses against him; and (g) not to be

10 compelled to incriminate himself.

11        **B.   Waiver of Appeal and Collateral Attack**

12           The defendant understands that the law gives the defendant a right to appeal his

13 guilty plea, conviction, and sentence.  The defendant agrees as part of his plea, however, to

14 give up the right to appeal any aspect of the guilty plea, the conviction, and the sentence

15 imposed in this case.  The defendant specifically waives his right to challenge the

16 constitutionality of the statute of conviction, including any appellate claims under

17 *Blackledge v. Perry*, 417 U.S. 21 (1974) and *Class v. United States*, 138 S. Ct. 798, 803

18 (2018).

19           Notwithstanding the defendant's waiver of appeal, the defendant will retain the

20 right to appeal if one of the following circumstances occurs: (1) the sentence imposed by

21 the District Court exceeds the statutory maximum; and/or (2) the government appeals the

22 sentence in the case.  The defendant understands that these two circumstances occur

23 infrequently and that in all other cases this Agreement constitutes a complete waiver of

24 all appellate rights.

25           In addition, the defendant also gives up any right to bring a collateral attack,

26 including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty

27 plea, conviction, and sentence imposed in this case.  A "collateral attack" in this

28 circumstance means filing a motion in this Court, or any other court challenging any

aspect of his guilty plea, conviction, or sentence.  Therefore, the defendant cannot later decide that he is unhappy with his plea, conviction, or sentence and seek to amend, alter, or overturn it.

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in paragraph II.D (Defendant's Violation of Plea Agreement) herein.

## VIII.   ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX.   APPROVALS AND SIGNATURES

### A.   Defense Counsel:

I have read this plea agreement and have discussed it fully with my client.  The plea agreement accurately and completely sets forth the entirety of the agreement.  I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: ___10/5/2021___

_____
JESSE J. SANTANA
Counsel for Defendant

### B.   Defendant:

I have had this plea agreement read to me in my own language and carefully reviewed every part of it with my attorney.  I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case.  No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea

1   agreement.  Finally, I am satisfied with the representation of my attorney in this case.

2

3   Dated: _____10/5/2021_____                    _____Jorge Lamas_____
                                                      JORGE LAMAS, Defendant
4

5      **C.   Court Certified Interpreter/Translator:**

6       I declare that I am a court-certified Spanish-English interpreter/translator.  On

7   _OCTOBER 5 2021_, I read the entire contents of the foregoing plea agreement to JORGE

8   LAMAS, translating the document from English to Spanish.

9   Dated: ____10/05/2021_____                        _____CHRIS DERUYTE_____
                                                      Interpreter/Translator
10                                                    CERT # 00-021

11     **D.   Attorney for United States:**

12      I accept and agree to this plea agreement on behalf of the government.

13   Dated: ____October 6, 2021_____                  PHILLIP A. TALBERT
                                                      Acting United States Attorney
14

15

16                                                    JUSTIN L. LEE
                                                      Assistant United States Attorney
17

18

19

20

21

22

23

24

25

26

27

28

1

**EXHIBIT A**

2

**Factual Basis for Plea**

3        If this matter proceeded to trial, the United States would establish the following

4   facts beyond a reasonable doubt:

5        Defendant Jorge Lamas worked at marijuana grow located at 6646 Citabria Lane, a

6   rural parcel of property in El Dorado County, within the State and Eastern District of

7   California.  At some point in the fall of 2019, Lamas started living at the marijuana grow

8   on Citabria Lane.  Lamas's job was to tend the marijuana plants and protect the

9   marijuana grow.

10        As of October 22, 2019, there were 99 marijuana plants at the Citabra Lane

11   property.  Marijuana is a Schedule I controlled substance.  As part of this plea agreement,

12   Lamas stipulates that he entered into an agreement with others for the specific purpose of

13   growing and harvesting marijuana at the Citabria marijuana grow.

14        I, JORGE LAMAS, have had the Factual Basis for Plea read to me in my own

15   language and agree to the facts and stipulations contained therein.

16

17   Dated: _____ 10/5/2021 _____            _____ Jorge Lamas _____

18                                             JORGE LAMAS, Defendant

19

20

21

22

23

24

25

26

27

28